IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

VERSUS                                    CRIMINAL NO. 1:05cr88WJG-JMR-4
                                          CIVIL ACTION NO. 1:08cv254WJG-JMR

THANH KIM NGUYEN

O R D E R

THIS CAUSE comes before the Court on Defendant Thanh Kim Nguyen's motion [209] to vacate and set aside or correct his previously imposed sentence pursuant to 28 U.S.C. § 2255. The petition, filed June 17, 2008, contends that his counsel, Rufus Alldredge, was ineffective at the sentencing phase of his case, in that Nguyen claims he sought a safety valve and was denied the request because his counsel was unprepared for sentencing. (Ct. R., Doc. 209, p. 4.)

Nguyen claims that his attorney was ineffective because he was obligated to advise him of any viable defense option and failed to do so. (Ct. R., Doc. 210, p. 2.) He further claims that his attorney told him he did not meet the fifth prong of the safety valve because the United States' position was that Nguyen did not fully cooperate. (*Id.*, p. 3.) Nguyen argues that there is nothing in the record to show that he had not cooperated, other than the United States' objection to his receipt of the safety valve reduction. (*Id.*)

Nguyen was indicted in a twelve-count Indictment on November 8, 2005, along with twelve other defendants. (Ct. R., Doc. 3.) The indictment charged Defendant with conspiring to possess with intent to distribute 100,000 or more dosage units of "MDMA," commonly known as

"ecstacy," a Schedule I (c) non-narcotic drug controlled substance, and 100 kilograms or more of a mixture containing a detectable amount of marijuana, all in violation of 21 U.S.C. § 846. (*Id*., pp. 1-2.) Nguyen was also charged in the forfeiture count of the Indictment. (*Id*., p. 5.)

Nguyen pleaded guilty on April 2, 2007, pursuant to a Memorandum of Understanding [MOU] signed the same date. (Ct. R., Minute Entry, April 3, 2007.) Sentencing on count one of the Indictment began on August 6, 2007, and was continued to August 15, 2007. (Ct. R., Docs. 219, 220.) Defendant requested a continuance to allow him to meet with the case agents to discuss his involvement in the conspiracy. (Ct. R., Doc. 220, p. 14). By participating in the meeting, Defendant attempted to establish his eligibility for the safety valve. (*Id*., p. 15.) Nguyen was sentenced to 135 months confinement in the Bureau of Prisoners, with a supervised release term of four years. (Ct. R., Doc. 201, pp. 2-3.)

Nguyen's *habeas* petition is liberally construed to contend that Alldredge provided ineffective assistance of counsel because Alldredge did not adequately prepare for sentencing to insure that Nguyen would have received his safety valve reduction. (Ct. R., Doc. 209, p. 3.) He states his claim of ineffective assistance of counsel can be proven by showing: (1) that Alldredge's performance was deficient, and (2) the deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 687; *United States v. Seyfert*, 67 F.3d 544, 547 (5th Cir. 1995). Nguyen must overcome the presumption that Alldredge rendered adequate assistance and made all pertinent decisions using reasonable, professional judgement. *Strickland*, 466 U.S. at 690. Additionally, Nguyen must identify the specific acts and omissions that reflect Alldredge's failure to use reasonable and professional judgment. *Id*. In showing that the deficient performance prejudiced his defense, Nguyen must demonstrate that "there is a reasonable probability that, but

for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

Nguyen claims that Alldredge failed to offer case law or proof to demonstrate that Nguyen had met his fifth prong of the safety valve requirement in his objection to the Court's denial of the safety valve. (Ct. R., Doc. 209, p. 3.) Nguyen asserts that because Alldredge allegedly failed to use supporting case law to get Nguyen the safety valve, he did not receive a sentence reduction and his 6th and 14th Amendment rights were denied. (*Id*., p. 4.)

Alldredge filed an objection to the presentence report [PSR] in which he argued that Nguyen should received the benefit of the safety valve provision. (Ct. R., Doc. 202.) During the first discussion of the safety valve provision, Alldredge contended that the PSR advised against a reduction because Nguyen played an aggravating role in the offense, which was dropped at the concession of the United States. (Ct. R., Doc. 220, p. 6.) Because the initial PSR did not reflect this fact, the Court determined that the sentencing should be reconvened at a later date, to allow the parties to consider this aspect as it relates to the possibility of the applicability of the safety valve provision. (*Id*., p. 11.)

During Defendant's sentencing hearing on August 15, 2007, Alldredge asserted that Nguyen cooperated with the United States, giving them all of the information he had relative to the conspiracy. (Ct. R., Doc. 219, p. 3.) Alldredge asked that Nguyen qualify for the safety valve provision. The Court, however, overruled the safety valve reduction. (*Id*., pp. 4-5.) The Court gave Nguyen an opportunity to speak on his own behalf, and Nguyen did not object to any of his counsel's acts or omissions, nor did he raise any additional arguments during his sentencing hearing. (*Id*.)

Although Nguyen argues that the United States' assertion that he did not meet the fifth prong of the safety valve requirement due to his failure to completely cooperate is not a valid reason for denying the safety valve, and that the United States failed to prove on a factual basis that he did not cooperate, there is evidence to the contrary in the record. (Ct. R., Doc. 210, p. 3.) At sentencing, Alldredge argued that Nguyen provided him contradictory statements concerning wiretap evidence which allegedly proved Nguyen's involvement in the crime. (Ct. R., Doc. 219, p. 3.) The United States relied on that evidence as the factual basis for Nguyen's lack of cooperation. (*Id*., p. 4.) John Meynardie, Assistant United States Attorney, testified as follows:

> I guess the factual issue via the wiretap, the individual who was involved with the wiretap is also the one who gave us the information about Mr. Kim's source of supply, and the wiretaps seem to confirm that, negotiating prices for Xstacy. And Mr. Nguyen denies having sold him any Xstacy at all. So he's talking very very loudly on these wiretaps, so he's not being truthful with us.

(*Id*.)

A defendant may be eligible for a safety valve reduction when he has provided the United States all information and evidence concerning the offense, and has done so truthfully. *United States v. McCrimmon*, 443 F.3d 454, 457 (5th Cir. 2006). In *McCrimmon*, the district court's refusal to make a safety-valve adjustment was upheld, based on the court's finding that the defendant was not truthful during an interview. *Id*. at 458.

In this case, Nguyen has not presented any information either to the interviewing probation officer or to the Court at the sentencing phase which would suggest that he is entitled to the safety valve reduction. Furthermore, he gives no specific information in his *habeas* petition which points to an instance in which he provided information to the United States. (Ct. R., Doc. 209.) The language of the safety valve provision indicates that the burden is on the defendant to provide

the United States with all information and evidence regarding the offense to be eligible for the safety valve. *United States v. Flanagan*, 80 F.3d 143, 146 (5th Cir. 1996).

The Court has thoroughly examined Nguyen's PSR, the extensive objections and supporting case law to the PSR report filed by Alldredge on Nguyen's behalf, and the Addendum to the PSR, and finds that the safety valve was not recommended by the probation officer in these documents, in spite of Alldredge's arguments that Nguyen was entitled to the benefits of that provision. The Court is allowed to rely on the PSR in its decision to deny the safety valve. "[I]nformation in the presentence report is presumed reliable and may be adopted by the district court without further inquiry if the defendant fails to demonstrate by competent rebuttal evidence that the information is materially untrue, inaccurate or unreliable." *United States v. Washington*, 480 F.3d 309, 320 (5th Cir. 2007).

The Court concludes that Nguyen fails to meet the first and second prong of *Strickland* in this claim, and has not shown that Alldredge's performance was deficient. In light of these findings, the Court fails to find any evidence in the record supporting Nguyen's contentions regarding Alldredge's performance. Accordingly, the Court finds no grounds for granting *habeas* relief on Nguyen's claims and determines that the motion should be denied. It is therefore,

ORDERED AND ADJUDGED that Nguyen's motion to vacate [210] the previously imposed sentence be, and is hereby, denied. It is further,

ORDERED AND ADJUDGED that this cause be dismissed with prejudice.

SO ORDERED AND ADJUDGED, this the 12th day of June, 2009.

*Walter J. Gex III*
UNITED STATES SENIOR DISTRICT JUDGE